UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                    Chapter 11

LEVEL 8 APPAREL LLC,                      Case No.

                Debtor.
-----------------------------------------------------------X

**AFFIDAVIT OF FRANK SPADARO PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK IN SUPPORT OF FIRST-DAY MOTIONS AND APPLICATIONS**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Frank Spadaro, being duly sworn, hereby deposes and says:

1. I am the President of Level 8 Apparel LLC (the "Debtor"), the debtor and debtor in possession in this chapter 11 case. In that capacity, I am familiar with the Debtor's day-to-day operations, businesses, and financial affairs.

2. This affidavit is made pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this chapter 11 case and in support of the Debtor's motion to use cash collateral.

3. Except as otherwise indicated, all facts set forth in this affidavit are based upon my personal knowledge, my discussions with other employees and officers of the Debtor, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations and financial affairs. If

1

called upon to testify, I would testify competently to the facts set forth in this affidavit. I am authorized to submit this affidavit on behalf of the Debtor.

4. A copy of the resolution of the shareholders of Debtor authorizing the filing of Debtor's petition is annexed hereto as Exhibit A and is incorporated herein by reference. Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

5. There have been no previous bankruptcy filings by or against the Debtor.

6. No trustee, examiner or committee has been appointed in this case.

7. The Debtor is a limited liability company organized under and pursuant to the laws of the State of New York, with its principal place of business located at 250 West 39th Street, Suite 502 New York, NY 10018

## I.

## Level 8's Business

8. Level 8 Apparel, LLC is an outerwear design, import/manufacturing company that produces, among other things, men's and women's outerwear garments. The Debtor currently holds licenses to produce and sell Elie Tahari men's outerwear, Tahari men's outerwear, On Five men's and women's apparel and outerwear. The Debtor also has a private label division, which produces apparel for large vertical retailers such as Costco, Express, Urban Outfitters, Lane Bryant, and others.

## Events Leading to the Chapter 11 Case

9. In 2011 Weihai Textile Group Import & Export Co., Ltd. ("Weihai"), a garment manufacturer based on Weihai, China, commenced an action against the Debtor (and other related parties) in the United States District Court for the Southern District of

New York alleging, *inter alia*, breach of contract in connection with the production of certain purchase orders for outerwear goods placed by the Debtor. *See Weihai Textile Group Import & Export Co., Ltd., v. Level 8 Apparel, LLC*, et al., (Case No. 11 Civ. 4405 (AC)(FM) ) (hereafter the "Weihei Action"). The Debtor raised several counterclaims against Weihai seeking $3.82 million in damages and lost profits for breach of contract and $652,000 in recoupment of out of pocket expenses.

10. A jury trial in the Weihai Action was conducted before the Honorable Andrew Carter in April 2015. After Weihai's case chief had been presented, and plaintiff rested its case, the attorney for Weihai appeared to experience a psychological or mental breakdown which resulted in the Court's declaration of a mistrial over the objection of Level 8.

11. The parties subsequently stipulated to the Court's rendering of a decision based on the evidence that had been proffered during the jury trial. On September 26, 2016, the Honorable Frank Maas, United States Magistrate Judge, entered a decision granting judgment to Weihai on its cause of action for breach of contract against Level 8 (and a co-defendant) in the amount of $1,345,764, plus $606,013 in prejudgment interest. Judge Maas also granted Level 8 a judgment on its counterclaim, but only in the amount of $53,000.

12. The Debtor believes that the Court's decision in the Weihai Action was clearly erroneous, contrary to the weight of evidence, and in disregard of the un-contradicted evidence. As such the Debtor has filed a notice of appeal with the United States Court of Appeals for the Second Circuit. Without the effect of the automatic stay the judgment enforcement actions of Weihai would result in the termination of the Debtor's

business and loss of substantial revenues.

### III.

### Information Required by Local Bankruptcy Rule 1007-2

13. The names and addresses of the Debtor's twenty (20) largest unsecured creditors, the amount of such claims, and an indication of whether such claims are contingent, unliquidated, disputed or partially secured are listed on the annexed Schedule A, which is incorporated herein.

14. A listing of the Debtor's secured, priority and general, unsecured creditors, including the amounts of such claims, will be detailed on the Debtor's Schedules D, E and F, which will be filed with the court shortly.

15. The Debtor's current assets and liabilities are estimated below, based upon the best available information:

| **Assets** | | **Liabilities** |
|---|---|---|
| $58,622. | Bank Balance | $8,260,864.01 See List of 20 largest Unsecured Creditors attached hereto as Ex. B, plus approximately $2,650,000 in secured liabilities. |
| $44,000. | Inventory | |
| $17,000. | Accounts Receivable | |
| $75,000. | Security Deposit for Office Space | |
| $858,682. | Claims for breach of Contract, Case # 654355/2016 | |
| $5,688,497. | Counterclaim + Interest on Weihai Case # 11 Civ. 4405 | |
| $6,666,801. | | |

16. No securities of the Debtor are publicly held. None of the property owned by the Debtor is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor.

17. The Debtor operates it business from 250 West 39th Street, Suite 502 New York, NY 10018, ("Premises"). The principal assets of the Debtor are located at the Premises. The Debtor's books and records are located at 250 West 39th Street, Suite 502 New York, NY 10018.

18. The Debtor does not hold any assets outside the territorial United States.

19. I represent the Debtor's senior management and am responsible for all day-to-day operating decisions of the Debtor.

20. The Debtor does anticipates being able to pay any salaries during the thirty day period following the filing.

21. The following schedule sets forth for the thirty days following the petition, the Debtor's estimated cash receipts and disbursements and the net cash gain:

**Summary of Estimated Cash Receipts and Disbursements**

| | | |
|---|---|---|
| **Estimated Cash Receipts** | | **$175,000.** |
| **Estimated Disbursements** | $222,000. | |
| Rent and Related | $19,000. | |
| Equipment Financing | $1000. | |
| Cost of Goods/Sampling/ | $15,000. | |
| Supplies | $1000. | |
| Maintenance | $1000. | |
| Payroll and Independent Contractors | $155,000. | |
| Officers, Stockholders and Directors | $30,000. | |
| Total: | $222,000. | |
| Approximate Cash Gain (loss): | | ($47,000.) |

22. The Debtor expects to receive no less than $600,000 worth of purchase orders for the spring 2017 season and approximately $20 million in purchase orders for the fall 2017. The proceeds from such business activities are expected to provide the operating revenues to meet the Debtor's post-petition operating expenses as it pursues the appeal of the Weihai decision. Accordingly, it is in the Debtor's and its creditors' best interest for the Debtor to continue with the operation of its business during the pendency of this reorganization case. Given the opportunity to prosecute, the Debtor believes that it will prevail in is appeal of the Weihai decision whereupon it will be well positioned to propose and confirm a plan of reorganization consistent with the provisions of chapter 11 of the Bankruptcy Code, and pay creditors a substantial percentage of their respective claims.

23. A chapter 7 liquidation of the Debtor's assets will yield far less than may be realized in a reorganization.

## IV.

**The Debtor's Relationship With Capstone Capital Group LLC and Its Need to Use Cash Collateral Generated Therefrom**

24. Pursuant to an exclusive sales representative agreement ("Capstone Agreement") between the Debtor and Capstone Capital Group LLC ("Capstone") dated September 29, 2015, the Debtor became engaged as the exclusive sales representative of Capstone for the purpose of securing and fulfilling purchase orders issued for outerwear goods under the Elie Tahari trademark, which the Debtor has licensed the right to, as well as to produce goods under a private label for retailers such as Costco, Express, Urban Outfitters, Lane Bryant and others.

25. Under the Capstone Agreement the Debtor secures purchase orders from retailers on behalf of Capstone. Although not the same as a factoring agreement the Capstone Agreement functions similar to a factoring agreement insofar as, upon the receipt of a purchase order from a customer, Capstone will advance sales commissions to the Debtor to enable the Debtor to supervise the production of the goods prior to receiving payment from the customer. However Capstone directly pays to the factory identified by the Debtor the manufacturing costs and all shipping and transportation costs.

26. Under the Capstone Agreement certain commissions due to the Debtor are restricted and not paid to account for unsold merchandise and credits and chargebacks requested by the customer. Capstone can restrict payment for such restricted commissions for up to 180 days after goods were delivered to the warehouse maintained by Capstone.

27. The advance payment of sales commissions to the Debtor by Capstone constitutes the sole source of revenues to the Debtor. Without the continued ability of the Debtor to perform under the Capstone Agreement, and receive sales commissions thereunder, it would not be able to operate and would shut down.

28. For the foregoing reasons, the Debtor should be permitted to continue in the operation of its business and the management of its property as a debtor in possession and to use the cash proceeds derived from the Capstone Agreement.

FRANK SPADARO

Sworn before me this
16th day of November, 2016

Notary Public, State of New York
No. 02S06096545
Qualified in New York County
Commission Expires July 28, 2019



# CERTIFICATION OF RESOLUTIONS OF THE MEMBER OF LEVEL 8 APPAREL LLC

1. I am the acting President of Level 8 Apparel LLC, a New York limited liability company (the "Company").

2. I hereby certify that the resolutions set forth below were duly adopted by Kuk Ja Kim, the sole member of the Company ("Member"), by written consent in lieu of a meeting dated November 11, 2016, and that such resolutions remain in full force and effect.

**Chapter11 Filing; Retention of Bankruptcy Professionals**

RESOLVED, that in the judgment of the Manager it is desirable and in the best interests of the Company, its creditors, members, management and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11, United States Code, (the "Bankruptcy Code") in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby, and the Company shall initiate a bankruptcy case and proceedings; and be it further

RESOLVED, that the proper officers of the Company (each, an "Authorized Officer," and together, the "Authorized Officers"), be and each hereby is, authorized and directed, for and on behalf of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York; and be it further

RESOLVED, that the Authorized Officers of the Company, or any of them, be and they hereby are, authorized to execute, verify and/or file or cause to be filed (or direct others to do so on their behalf), all documents, including, without limitation, petitions, schedules, lists, affidavits, motions, pleadings and other papers and to take any and all action which they may deem necessary or proper in connection with such proceedings under chapter 11 of the Bankruptcy Code, and in that connection to retain and employ Ruta Soulios & Stratis LLP, as principal bankruptcy counsel and to retain and employ other legal counsel or other professionals which they may deem necessary or proper with a view to the successful conclusion of such bankruptcy case (together, the "Restructuring Professionals"); and be it further

RESOLVED, that the Authorized Officers of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon and after the filing of the bankruptcy case, and to cause to be filed an application for authority to retain the services of other professionals in the ordinary course of business.

Dated: November 14, 2016

_____
Frank Spadaro, Acting President
Level 8 Apparel LLC

EXHIBIT B

Fill in this information to identify the case:

Debtor name  Level 8 Apparel, LLC

United States Bankruptcy Court for the: Southern  District of New York
(State)

Case number (If known): 16-13164-JLG

☑ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Stuart's, LLC  c/o Speyer & Perlberg  115 Broadhollow Rd # 250, Melville, NY 11747 | | trade debt | unliquidated | | | 2,500,000.00 |
| 2 | Weihai Textile Import and Export Co Ltd.  No. 16, Shichangda Road  Weihai, China | | trade debt | disputed, liquidated | | | 1,900,000.00 |
| 3 | Internal Revenue Service  290 Broadway, 14th Floor  New York, NY 10036 | | taxes | disputed | | | 408,000.00 |
| 4 | Skechers  225 South Sepulveda Blvd.  Manhattan Beach, CA 90266 | | trade debt | liquidated | | | 210,000.00 |
| 5 | Elie Tahari  11 West 42nd Street, 14th Fl  New York, NY 10036 | | trade debt | liquidated | | | 200,000.00 |
| 6 | HB Co. Ltd.  LS Building 9th Floor  Yeoksam-Dong,  Gangnam-Gu, Seol, Korea | | trade debt | liquidated | | | 97,935.54 |
| 7 | Tumi  1001 Durham Avenue  South Plainfield, NJ 07080 | | trade debt | liquidated | | | 75,000.00 |
| 8 | Canada Revenue Agency  9755 King Georg Blvd  Surrey BC V3T 5E | | taxes | disputed | | | 61,148.45 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | McLaughlin & Stern, LLP<br>260 Madison Avenue, 18th Fl<br>New York, NY 10016 | | professional services | | | | 15,000.00 |
| 10 | Seaway Intl<br>16 West 32nd Street #301<br>New York, NY 10001 | | trade debt | liquidated | | | 27,245.46 |
| 11 | Chase Card Svcs<br>PO Box 1423<br>Charlotte, NC 28201-1432 | | revolving debt | liquidated | | | 24,952.36 |
| 12 | Global Transport Logistics<br>208 Harristown Rd Suite 201<br>Glen Rok, NJ 07452 | | trade debt | liquidated | | | 20,009.54 |
| 13 | 250 West 39th Street, Inc.<br>PO Box 953135<br>St. Louis, MO 63195-3135 | | rent | | | | 15,513.36 |
| 14 | Sejong LLP<br>555 Eighth Ave, Suite 1710<br>New York, NY 10018 | | professional services | liquidated | | | 13,450.00 |
| 15 | SHK Worldwide LLC<br>250 West 39th Street<br>New York, NY 10018 | | trade debt | liquidated | | | 11,924.60 |
| 16 | First Down Computer<br>16 West 32nd Street #301<br>New York, NY 10001 | | equipment | liquidated | | | 11,208.11 |
| 17 | Citicard Svcs<br>PO Box 9001037<br>Louisville, KY 40290-1037 | | revolving debt | liquidated | | | 9,939.23 |
| 18 | Citibusiness Card Svcs<br>PO Box 9001037<br>Louisville, KY 40290-1037 | | revolving debt | liquidated | | | 9,537.36 |
| 19 | Worldwide Sourcing Group<br>c/o Certilman Balon Hyman<br>90 Merrick Ave - 9th Floor<br>East Meadow, NY 11554 | | trade debt | disputed, unliquidated | | | unknown |
| 20 | | | | | | | |