UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                          :
In re:                                    :        Chapter 11
                                          :
LEVEL 8 APPAREL, LLC,                     :        Case No. 16-13164(JLG)
                                          :
                                          :
                   Debtor.                :
                                          :
```

## STIPULATION AND ORDER

RECITALS:

A.    On November 14, 2016 (the "Petition Date"), the Debtor commenced its chapter 11 case (the "Chapter 11 Case") by filing a voluntary a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtor is managing its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of creditors holding unsecured claims has been appointed in this Chapter 11 Case.

B.    On November 23, 2016, Debtor filed a motion (the "Motion") seeking entry of an emergency order *inter alia* (a) authorizing the Debtor to use Cash Collateral (as defined below); and (b) authorizing the Debtor to grant adequate protection to the Internal Revenue Service ("IRS") and Capstone Capital Group LLC ("Capstone"). On November 28, 2016, the Court held a hearing on the Motion. On December 6, 2016, the Court entered an order (the "Interim Order") granting Debtor's requested emergency relief.

C.    On or about November 30, 2016, the United States of America (the "Government"), through the IRS, filed a proof of claim (the "Proof of Claim") against Debtor,

identified as Claim No. 1-1.  On or about December 12, 2016, the Government filed an amended proof of claim, identified as Claim No. 1-2 (the "Amended Proof of Claim"), on account of due and owing, but unpaid, withholding/Federal Insurance Contributions Act taxes, Federal Unemployment Tax Act taxes, interest and penalties accruing through the Petition Date, in the aggregate amount of at least $434,606.26 (the "IRS Claim").  Of the total tax liabilities, the Government alleges in its Amended Proof of Claim that the sum of $422,259.38 (the "Secured Claim") is secured by timely and properly filed Notices of Federal Tax Lien (the "Prepetition Liens").  The Prepetition Liens were filed by the IRS on August 30, 2012, October 23, 2012, February 15, 2013, May 29, 2014, February 11, 2015, and November 10, 2016.

D.      Pursuant to 26 U.S.C. § 6321, the Prepetition Liens attach to all property and rights to property, whether real or personal, belonging to Debtor. That property includes, among other things, Debtor's accounts receivable and general intangibles, as well as all of the proceeds, products, offspring, rents and profits thereof.

E.      On or about December 8, 2016, the IRS received a cashier's check in the amount of $58,600.18 from an account in Debtor's name pursuant to the IRS's prepetition levy on that account (the "Levy Amount").

F.      For purposes of this Stipulation and Order, the term "Cash Collateral" shall mean and include all "cash collateral," as that term is defined by 11 U.S.C. § 363, in or on which the IRS has liens that attach and/or a security interest.

G.      The Government will not consent to Debtor's use of the Cash Collateral except upon the entry of this Stipulation and Order, effective as of the Petition Date.

H.      The Government and Debtor agree that the Government is entitled to receive adequate protection within the meaning of, and pursuant to 11 U.S.C. § 363(e), for any decrease

in the value of the Government's interest since the Petition Date in the Cash Collateral as set forth in this Order.

AGREEMENT:

1.      Upon the approval of this Stipulation and Order by the Court, the automatic stay in this matter shall be lifted solely to the extent of permitting the Government to deposit the Levy Amount and apply the Levy Amount as an offset to the IRS Claim.

2.      Pursuant to 11 U.S.C. § 363, the Government consents to the Debtor's use of the Cash Collateral, and shall receive from Debtor as adequate protection for its interest in the Cash Collateral, the following:

> a)      monthly payments of $6,697.34 (the "Adequate Protection Payment") as adequate protection for any diminution in the value of any collateral securing the Secured Claim as a result of the use of Cash Collateral, commencing in the month of the date of entry of this Order.  Such payments shall be made on or before the fifteenth day of each calendar month by cash or certified check to the IRS, as agent for the Government, at the address set forth in paragraph 8 of this Order; and

> b)       a valid, enforceable, fully-perfected, security interest (the "Replacement Lien"), effective as of the Petition Date, to the extent of, and as security for any decrease in the value of the Government's interest in the Cash Collateral since the Petition Date in, to and upon all existing and hereafter-acquired property of Debtor of any kind or nature including, but not limited to, Debtor's real, personal, tangible and intangible property, as

well as any and all proceeds, products, offspring, rents and profits thereof, in the same order and priority as the Prepetition Liens, subject, in accordance with the priority as set forth herein, and subordinate only to: (i) fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) plus interest or to the Clerk of the Bankruptcy Court, and (ii) $5,000.00 for the fees and expenses of a Chapter 7 trustee, if any, ((i) and (ii) collectively, the "Carve-Out").

c) a superpriority claim with priority over all administrative expense claims and unsecured claims against the Debtor or its estate, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kind specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), 1113 and 1114 and any other provision of the Bankruptcy Code (the "Superpriority Claim"), subject to and subordinate only to the Carve Out.

3. The Replacement Lien granted to the IRS in this Order shall be in addition to, and not in substitution of, any and all security interests, liens, encumbrances, rights of set-off or other rights of the Government currently existing or hereafter arising. This Order shall be sufficient and conclusive evidence of the validity of the Replacement Lien, without the necessity of the filing and/or recording of any financing statement(s), mortgage(s), deed(s) of trust, notice(s), or other document(s) that may otherwise be required under the law of any jurisdiction, or the taking of any other action to validate or perfect the security interests and liens granted to the Government in this Order. The Government may, in its discretion, file a certified copy of this

Order in any jurisdiction in which Debtor has or comes to have real or personal property, and in such event, the subject filing/recording officer is hereby authorized and directed to file/record such certified copy.

4.     The payments authorized by this Order shall be applied by the IRS in its discretion, subject only to such review, if any, to which Debtor may be entitled under the provisions of Title 26, United States Code, 26 U.S.C. § 1 *et seq.*, as amended, or the provisions of the Bankruptcy Code.

5.     Debtor shall, further: (a) remain current with all of its post-Petition Date tax liabilities; (b) timely file any and all required post-Petition Date tax returns; (c) file all past due tax returns within thirty (30) days of the entry of this Order; (d) timely make all required tax deposits and payments; and (e) serve notice of all tax deposits (on IRS Form 6123) upon the IRS within three (3) business days of each deposit, at the address set forth in paragraph 8.

6.     Debtor shall promptly provide to the Government any and all financial information reasonably requested by the Government and shall permit the Government, upon reasonable notice, to review its books and records with respect to the subject matter of this Order, and make copies thereof during normal business hours. Without in any way limiting the foregoing, the Debtor shall also provide to the IRS copies of all financial statements, operating reports, petitions, lists, schedules, inventories, notices and/or other documents or information it files with the Court, within five (5) business days after each such filing.

7.     Notwithstanding anything to the contrary herein, the right of Debtor to use the Cash Collateral shall terminate immediately upon the occurrence of any of the following events:

a)      the entry of an order of the Court converting or dismissing Debtor's Chapter 11 case;

b)      the entry of an order of the Court confirming a plan of reorganization in Debtor's Chapter 11 Case;

c)      the failure of Debtor (i) to perform any of its obligations under this Order (a "Default"), and (ii) to cure such Default within five (5) days after the giving of written notice thereof to Debtor by the Government (the "Cure Period");

d)      the amendment, supplementation, waiver or other modification of all or part of this Order without the Government having been given at least seventy-two (72) hours advance, written notice, by overnight service upon the Government and the IRS (unless otherwise prescribed by the Bankruptcy Court having jurisdiction over Debtor's case) at the addresses set forth in paragraph 8 of this Order, of any hearing with respect thereto. However, in no event shall Debtor seek emergency relief concerning this Order from the Court without the Government having been given at least twenty-four (24) hours advance, actual notice (via telephone or facsimile) at the telephone and facsimile number set forth in paragraph 8;

e)      the termination of all or substantially all of the operations of Debtor, whether by voluntary act(s) or omission(s) of Debtor, or otherwise.

8.      Except as otherwise provided herein, or by Order of the Court, all demands, notices, requests, consents, or other communications provided for hereunder shall be made in writing, and shall be deemed to have been given either upon (i) personal delivery, by courier or

6

messenger service, and acknowledgment, by any officer (or authorized recipient of deliveries to the office) of the party to whom given, as of the date and time so acknowledged, or (ii) due deposit into the United States mail, by first class mail. In all cases, such demands, notices, requests, consents, or other communications shall be dispatched to the following addresses (or such other addresses as may be furnished hereafter, by written notice given in accordance with the terms of this paragraph):

In the case of the Government:

> PREET BHARARA
> United States Attorney—Civil Division
> 86 Chambers Street, 3rd Floor
> New York, NY 10007
> Tel: (212) 637-2737
> Fax: (212) 637-2786
> Attn: Sharanya Mohan, Assistant U.S. Attorney

In the case of Debtor:

> Steven A. Soulios, Esq.
> Ruta Soulios & Stratis LLP
> 370 Lexington Avenue, 24th Floor
> New York, NY 10017
> Tel.: (212) 997-4500
> Fax: (212) 768-0649

9. Unless otherwise stated, all demands, notices, requests, consents, payments, reports, or other communications that the IRS is entitled to receive, or that Debtor is required to provide to the IRS pursuant to this Order, shall be directed to the following address:

> Internal Revenue Service
> 290 Broadway, 5th Floor
> New York, NY 10007
> Attn: Bankruptcy Specialist Sandra Feliu

Copies of all tax returns filed during the pendency of this bankruptcy should also be sent to Ms. Feliu at the address above.

10.     Nothing contained in this Order shall be construed to create rights of third parties for or against the Government not otherwise provided by law.

11.     This Stipulation and Order and each of its terms and conditions, is subject to the approval of the Court. In the event that the Court declines to approve this Stipulation and Order, it shall be null and void, with no force or effect.

12.     The Court shall retain jurisdiction over all matters arising under or with respect to this Stipulation and Order.

Dated: New York, New York
          December 29, 2016

                                                    Respectfully submitted,

                                                    PREET BHARARA
                                                    United States Attorney for the
                                                    Southern District of New York
                                                    *Attorney for the United States of America*


                                        By:     /s/ Sharanya Mohan
                                                    SHARANYA MOHAN
                                                    Assistant United States Attorney
                                                    86 Chambers Street, 3rd Floor
                                                    New York, New York 10007
                                                    Tel.:  (212) 637-2737
                                                    Fax:  (212) 637-2786
                                                    Email: sharanya.mohan@usdoj.gov

Dated: New York, New York
          December 29, 2016

By:    <u>/s/ Steven A. Soulios</u>
STEVEN A. SOULIOS
Ruta Soulios & Stratis LLP
370 Lexington Avenue, 24th Floor
New York, NY 10017
Tel.: (212) 997-4500
Fax: (212) 768-0649
Email: ssoulios@lawnynj.com
*Attorney for Debtor*

SO ORDERED, this 30th day
of December, 2016.


<u>/s/ *James L. Garrity, Jr.*</u>
UNITED STATES BANKRUPTCY JUDGE