# Ruta Soulios & Stratis LLP

Attorneys and Counselors
211 East 43rd Street
24th Floor
New York, New York 10017|
(212) 997-4500
Fax (212) 768-0649
www.Lawnynj.com

JOSEPH A. RUTA*
STEVEN A. SOULIOS*
DEMETRIOS K. STRATIS+

OF COUNSEL
MITCHELL LAPIDUS
JEFFREY JAFFE
DAVID ENGELHARDT

*MEMBER OF NY & NJ BAR
+MEMBER OF NJ & PA BAR

NJ OFFICES:
101 TOWN CENTER DRIVE
SUITE 111
WARREN, NJ 07059
(908) 769-4250

10-04 RIVER ROAD

FAIR LAWN, NJ 07410
(201) 794-6200

May 24, 2018

**Via ECF and Hand Delivery**
Honorable James L. Garrity, Jr.
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

    Re:    In re: Level 8 Apparel LLC, Debtor
            Case No. 16-13164 (JLG)

Dear Judge Garrity:

    In response to the Court's order dated May 10, 2018, we are providing the following status update as to the matters concerning the Debtor outlined therein.

    1. **Resolution of the NYC Dept. of Taxation's $545,000 Priority Tax Claim[1]**. As the Court is aware the NYC Dept. of Taxation ("Tax Dept.") filed a $573,000 priority tax claim against the Debtor after disallowing over $7.4 million in claimed business expenses covering the tax years 2013-2015. That claim effectively precluded the Debtor from being able to pursue exit financing. As we indicated in our letter to the Court dated May 11, 2018, the Debtor was informed by the Tax Dept. that although it had not yet completed its review it was inclined to allow the expenses for which the Debtor provided proof of actually incurred expenses (the exact amount of which had yet to be determined). However, since our last writing we have had several additional communications with the Tax Dept. wherein we were informed that the Tax Dept. would in fact allow substantially all of the claimed expenses that it had previously disallowed, thus wiping out the entire $545,000 priority tax claim. Indeed, yesterday, the Tax Dept. filed an amended proof

---

[1] In addition to income tax liability the Tax Dept. also filed a proof of claim asserting a claim of $28,465 pursuant to the NYC Commercial Rent Tax ("CRT"), bringing the total claim to $573,514.

1

Honorable James L. Garrity, Jr.
May 24, 2018

whereby it claims only a priority tax liability of $28,465 for the CRT. A copy of the Tax Dept.'s amended proof of claim is attached hereto as Exhibit A.

2. **Status of Costco Purchase Orders for 2018**. As we advised the Court in our letter dated September 29, 2017 (Doc.# 70) the Debtor secured from Costco Wholesale Corp. a $27 million order for men's and women's outerwear garments for 2018. The Debtor is in the process of producing the garments pursuant to the Costco order and the first batch of merchandise is due to ship on or about July 2, 2018.

3. **Status of Exit Financing Discussions with Capstone Capital**. Due to the priority tax claim filed by the Tax Dept. the Debtor was not in a position to engage in exit financing discussions with Capstone. Now that the Tax Dept. has amended its proof of claim to eliminate the $545,000 in priority income tax the Debtor intends to re-engage with Capstone regarding prospective exit financing.

4. **Status of the Debtor's Appeal of Weihei Judgment**. The Debtor's position regarding the Weihei appeal has remained the same, namely, that as long there remains the possibility of proposing a confirmable plan of reorganization, which would resolve all unsecured creditors' claims, including that of Weihei, the Debtor does not believe it is in the best interest of its estate to incur the considerable administrative expenses associated with prosecuting the appeal. We informed Weihei's counsel of the aforementioned position of the Debtor by email dated May 16, 2018, and have received no reply thereto.

5. **Inadvertent Non-appearance at the May 10 Hearing by Debtor's Counsel**. The undersigned deeply regrets and apologizes for his failure to appear at the May 10 status conference. All that can be said in connection therewith was that it was an unintentional, honest mistake. No disrespect to the Court whatsoever was intended. When the undersigned, who resides in Bluffton, South Carolina, conferred with the Court on or about April 15 seeking an adjournment of the April 17, status conference, May 15 was the date provided for the adjourned conference. As a result, the undersigned filed a status letter on April 15 requesting an adjournment to May 15, 2018 of the status conference. Simultaneously therewith, as is my practice, I entered the May 15 status conference date in my calendar and proceeded to book a flight to New York for May 14 and returning on May 16. Attached hereto as Exhibit B is the confirmation of the airfare booking which was made on April 24, 2018, four days after the Court issued the scheduling order setting the status conference for May 10. The undersigned, who on average receives several hundred emails every day, did not see the April 20 electronic notice from the Court scheduling a status conference for May 10, and therefore did not update his calendar or book a flight that reflected the change in the date. Whereas the undersigned, when scheduling flights to New York will usually try to arrange numerous meetings and hearings to take place within the same time frame, with respect to the May 15 status conference date, no other important business in New York was scheduled. Thus, when I learned on May 10 that the conference

2

Honorable James L. Garrity, Jr.
May 24, 2018

had be moved to May 10, and that I would not be able to appear, I immediately contacted the Court to advise of the scheduling error, and ultimately did not travel to New York; causing me to lose the value of the non-refundable round trip airfare.

In terms of appreciating the undersigned counsel's inadvertence regarding the May 10 status conference, it also bears noting that during the week prior to what was thought to be a May 15 status conference date, I was deeply immersed in a very complex appellate filing before the Third Circuit Court of Appeals. Specifically, as lead and sole counsel for the Plaintiff-Appellant in the matter of *Cevdet Asküt Ve Oğgullari Koll, Sti, v. Robin Cavusoglu*, et al., Case No. 18-1303, I was tasked with filing the Appellant's Brief and Appendix with the Third Circuit on May 15. The *Cevdet* case is enormously complex and broad, with an eight year procedural history (including a jury trial in a related case), and involves issues of Federal RICO, the New Jersey Uniform Fraudulent Transfer Act, civil conspiracy, aiding and abetting, summary judgment standards, and the Federal Rules of Evidence against numerous defendants. The appeal involved no less than seven orders of the trial court, with an appendix in excess of 8,000 pages. Appellant's brief was 84 pages. The completion of that appellate filing was an enormous and all-consuming undertaking, and the convergence of the filing deadline there with the status conference in this action likely contributed to counsel's unawareness of and failure to appear at the May 10 conference.

In addition to handling the Third Circuit filing in the *Cevdet* matter, due to the Tax Dept.'s extended review of the documents that were produced regarding the Debtor's claimed business expenses, the undersigned was not in a position to meaningfully update the Court on May 8 concerning the status of the Debtor's efforts to have the Tax Dept.'s priority tax claim withdrawn. It was not until May 11 that the undersigned spoke with the auditor of the Debtor's tax returns concerning an update regarding his review of additional documents that had been provided. Accordingly, as soon as the Debtor was in a position to meaningfully update the Court regarding the status of the Debtor's discussions with the Tax Dept., a status letter was filed on May 11 (Doc.# 96). In light of the foregoing factors and reasons, and the fact the undersigned has never before missed an appearance in this case – or even been late – it is respectfully submitted that no sanction is warranted.

Respectfully submitted,

Ruta Soulios & Stratis LLP


By: /s/ Steven Soulios
Steven Soulios, Partner

3

cc:   Greg Zipes, Esq. (via Hand Delivery)
      AUSA Sharanya Sai Mohan, Esq. (via ECF)
      Parties that filed notices of appearance (via ECF)